## Richmond

CAROLINA COACH CO. v. STATE CORPORATION COMMISSION AND
ATLANTIC GREYHOUND LINES OF VIRGINIA, INC.

January 14, 1974.

Record No. 730193.

Present, All the Justices.

*John J. Wicker, Jr. (Wicker, Goddin & Duling, on brief), for appellant.*

*Michael L. Rigsby; Calvin F. Major (Goddin, Major, Schubert & Hyman, on brief), for appellees.*

Per Curiam.

Carolina Coach Company (Trailways) appeals of right from a final order entered by the State Corporation Commission (Commission) on May 2, 1973 denying Trailways' application for a certificate of public convenience and necessity to operate over a route "between Richmond and Norfolk, Virginia, serving no intermediate points: From Richmond over Interstate Highway 64 to Norfolk, including a connecting segment of Virginia Highway 168 . . ., as a temporary intervening substitute for an incompleted segment of Interstate 64, and return over the same route."

At the time the application was filed, Trailways held a certificate to serve Richmond, Norfolk and intermediate points, operating over Virginia Highway 10, and Atlantic Greyhound Lines of Virginia, Inc. (Greyhound), which intervened in opposition to Trailways' application, held a certificate to serve Richmond, Norfolk and intermediate points, operating over the route defined in Trailways' application. The Commission ruled that Code § 56-281 (Cum. Supp. 1973)[1] is controlling and Code § 56-281.1 (Repl. Vol. 1969)[2] is inapplicable and that "the facts in support of public convenience and necessity . . . [were not] of the paramount importance required to justify the requested certificate".

Trailways contends that the Commission erred in ruling that Code § 56-281 is controlling; that inasmuch as Trailways' operation between termini would be "closed doors" and since only 10% of the defined route would traverse the state highway system while 90% would traverse the interstate highway system, Code § 56-281.1 is controlling; that its evidence shows that operation under the certificate requested would reduce travel time, enhance travel safety and promote passenger convenience; and that such evidence satisfies the public convenience and necessity standard of Code § 56-281.1.

We need not decide which statute controls. Code § 56-281.1 empowers the Commission to grant multiple carriers certificates to operate over the interstate highway system "upon a showing of public convenience and necessity." Code § 56-281 denies to a competing carrier the right to a certificate to operate over a state highway route previously certificated to another carrier "unless and until it shall be proved to the satisfaction of the Commission that the service rendered by such certificate holder, over such route, is inadequate to the requirements of the public necessity and convenience."

The Commission found that "[t]here is no evidence that Greyhound service . . . is inadequate", a finding Trailways does not contest, and that "the facts in support of public convenience and necessity . . . [do not] justify the requested certificate", a finding we must view as *"prima facie* just, reasonable and correct." *Atwood Transport Co. v. Commonwealth*, 197 Va. 325, 332, 88 S.E.2d 922, 927 (1955); *see Farmers & Merchants Nat'l Bank* v. *Commonwealth*, 213 Va. 401, 404-05, 192 S.E.2d 744, 747 (1972).

---

[1] § 56-281. No certificate to issue when service already adequate.
[2] § 56-281.1. Certificates for passenger carriers operating over Interstate Highway System.

Since, on this record, we cannot say that the Commission abused its discretion in finding that the standard of neither statute was satisfied, it is immaterial which statute controls, and the Commission's order will be affirmed.

*Affirmed.*